**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

**THOMAS DANGERFIELD,**

    **Plaintiff,**

vs.                                                            CASE NO.:

**SNIDER TIRE, INC. d/b/a SNIDER
FLEET SOLUTIONS.**

    **Defendant.**
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff THOMAS DANGERFIELD ("Plaintiff"), through undersigned counsel, files this Complaint against Defendant SNIDER TIRE, INC. d/b/a SNIDER FLEET SOLUTIONS, a Georgia Foreign Profit Corporation ("Defendant" or "Snider"), and states as follows:

**INTRODUCTION**

1. This is an action brought pursuant to the Americans with Disabilities Act, as amended, ("ADAAA"), 42 U.S.C. 12101, *et seq.,* to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.

§1331 with federal questions involving ADAAA because at all times material to this Complaint, Plaintiff worked for Defendant in Chatham County, Georgia.

3. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Chatham County, Georgia.

4. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 30, 2019. On October 27, 2020, the EEOC issued its right-to-sue letter. Therefore this Complaint is being filed within 90 days of Plaintiff receiving his right-to-sue letter.

## PARTIES

5. Plaintiff is an adult individual who resides in Springfield, Effingham County, Georgia.

6. Defendant SNIDER TIRE, INC. d/b/a SNIDER FLEET SOLUTIONS is and was, at all relevant times, operating in Chatham County, Georgia and is within the jurisdiction of this Court. Therefore, venue is proper in this Court.

7. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

8. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

9. At all times material to this action, Defendant was, and continues to be an "employer" within the meaning of the ADA.

## GENERAL ALLEGATIONS

10. At all times material, Defendant acted with malice and with reckless

disregard for Plaintiff's federally protected rights.

11. Plaintiff retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

12. Plaintiff suffers from diabetes, a disabling or "perceived as" disability" condition under the ADAA.

13. Plaintiff was employed by Defendant as a Heavy Duty Tractor Trailer Mechanic beginning May 10, 2017.

14. As a result of his diabetes condition, in July 2019, Plaintiff's left leg had to be amputated.

15. Plaintiff's leg amputation independently qualifies as a disability.

16. Nonetheless, when Plaintiff was ready to return to work without restriction, he was unlawfully terminated on September 26, 2019.

17. Plaintiff brings this claim for disability discrimination against Defendant for its unlawful termination of Plaintiff based upon his disability or "perceived disability," in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and his attorneys' fees and costs.

18. Plaintiff brings a claim for discrimination and retaliation against Defendant, who subjected Plaintiff to workplace discrimination and retaliation because of his medical condition.

19. Plaintiff was wrongfully terminated as the culmination of discrimination and retaliation against him.

## FACTS

20. On January 30, 2019, Plaintiff was admitted to the hospital for complications as a result of his diabetes and had to have his big toe amputated. Diabetes is a disabling condition as that term is defined under the ADA, as amended.

21. Plaintiff received short term disability and was able to return to work with no special restrictions.

22. Beginning April 4, 2019 through April 10, 2019, Plaintiff suffered a stroke and was again hospitalized for complications due to his diabetes. During his stay, Plaintiff had his metatarsal removed.

23. During his stay, Plaintiff was visited by both his boss and regional manager and was assured that his job was safe for as long as it took for Plaintiff to get well.

24. Plaintiff was told by both that they wanted him to be shop foreman which is an office job without working in the shop.

25. Plaintiff again returned to work with no special restrictions.

26. On April 27, 2019, Plaintiff had his foot amputated because it was not healing well. Plaintiff was again assured his job was protected.

27. Plaintiff again returned to work with no special restrictions.

28. On July 20, 2019, Plaintiff was again admitted into the hospital and had his left leg amputated.

29. Shortly thereafter, Plaintiff received a prosthetic leg to help him get around more easily.

30. During his absence, Plaintiff was in constant communication with Jesse Stauffer during his hospitalization updating him as the information became available. He was assured that his job was still there and waiting for him.

31. During all instances, Plaintiff was approved for short disability. On this last hospital stay, short term was approved but they then changed their mind.

32. On September 25, 2019, Plaintiff contacted his employer, via Jesse Stauffer, to inform them that he was ready to return to work without restriction.

33. However, instead of allowing Plaintiff the opportunity to return to his former position, on September 26, 2020, the very next day, Plaintiff was terminated.

34. Plaintiff was specifically told that "with his prosthetic leg, he too much of a liability for the company.

## COUNT I – VIOLATIONS OF AMERICANS WITH DISABILITY ACT

35. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1 through 34, above.

36. Plaintiff suffers from a disability as defined by the ADA.

37. Plaintiff is protected by the ADA:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant; and

    b. Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

38. Defendant was at all material times an "employer" as envisioned and defined by the ADA.

39. Defendant saw Plaintiff's disability as an opportunity to get rid of an employee because it perceived/regarded him as disabled and/or based on his disability

40. Plaintiff's medical condition is a protected disability under the ADA, as amended. See 42 U.S.C.§12102.

41. Defendant's actions unquestionably constitute disability discrimination in violation of the ADA, as amended.

42. Given the timing and circumstances leading to Plaintiff's termination, Defendant's actions unquestionably constitute disability discrimination in violation of the ADA.

43. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA.

44. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with a reasonable accommodation.

45. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity, but was treated by Defendant as if it did.

46. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

47. Defendant does not have a non-discriminatory rationale for terminating Plaintiff's employment.

48. Plaintiff was a disabled individual, or otherwise perceived as disabled by

Defendant, during his employment. Therefore, he is the member of protected classes as envisioned by the ADA.

49. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimate termination, because of his disability and/or "perceived disability," and request for accommodation regarding same.

50. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

51. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

52. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

53. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

54. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADA.

55. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## COUNT II – RETALIATION UNDER ADA

56. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1–34, above.

57. Plaintiff is a disabled person covered by the ADA.

58. Plaintiff was also, at all times relevant, eligible for ADA-covered accommodation.

59. Defendant was Plaintiff's employer as defined by the ADA.

60. Defendant retaliated against Plaintiff because it assumed Plaintiff would exercise his rights under the ADA by seeking an accommodation.

61. Defendant had actual knowledge of the retaliatory conduct of Plaintiff's supervisors.

62. Defendant's acts and omissions negatively affected one or more terms,

conditions and/or privileges of Plaintiff's employment.

63. Defendant's retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for ADA-covered accommodation.

64. Defendant's conduct violated Plaintiff's right to be free from retaliation as guaranteed by the ADA.

65. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered harm for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

66. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

67. Defendant's violations of the ADA were willful.

68. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

69. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

  d. Compensatory damages for emotional pain and suffering;

  e. Injunctive relief;

  f. Prejudgment interest;

  g. Costs and attorney's fees; and

  h. Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated this 25th day of January, 2021.

    Respectfully submitted,

    **s/ ANTHONY J. HALL**
    **Anthony J. Hall, Esq.**
    Georgia Bar No.: 318028
    Morgan & Morgan, P.A.
    20 N. Orange Ave., 16th Floor
    Orlando, FL 32801
    MAILING: P.O. Box: 530244
    Atlanta, GA 30353-0244
    Direct Tel.: (407) 418-2079
    Facsimile:  (407) 245-3390
    Email:      ahall@forthepeople.com
    Counsel for Plaintiff